INTERNATIONAL & G. N. R. CO. et al. v. HUDSON. (No. 5601.)

(Court of Civil Appeals of Texas. Austin. June 7, 1916.)

1. CARRIERS ⟨⟩228(5) — CARRIAGE OF LIVE STOCK—ACTIONS—EVIDENCE.

In an action against a carrier to recover damages for injuries to a shipment of cattle, evidence *held* insufficient to sustain a verdict for the plaintiff on an alleged verbal contract.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 960; Dec. Dig. ⟨⟩228(5).]

2. CARRIERS ⟨⟩218(11) — CARRIAGE OF LIVE STOCK—CONTRACT OF SHIPMENT—NOTICE—WAIVER.

Waiver being founded largely upon the doctrine of estoppel, it would require a finding, in an action to recover damages for injuries to a shipment of cattle, that the conduct of defendants, relied upon as a waiver, must have misled plaintiff and prevented him from giving the notice required by the contract of shipment.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 674–696, 948; Dec. Dig. ⟨⟩ 218(11).]

Appeal from Milam County Court; John Watson, Judge.

Action by R. B. Hudson against the International & Great Northern Railroad Company and another. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Chambers & Baskin, of Cameron, Doremus, Butler & Henderson, of Bryan, and Wilson, Dobney & King, of Houston, for appellants. U. S. Hearrell, of Cameron, for appellee.

KEY, C. J. Appellee brought this suit in the county court of Milam county against the International & Great Northern Railway Company and the Texas & Pacific Railway Company, and sought to recover damages for injuries to a shipment of cattle from Troupe, Tex., to Bronte, Tex., stating the amount of his damages at $971. There was a jury trial, which resulted in a verdict and judgment against the International & Great Northern Railway Company for $250, and against the Texas & Pacific Railway Company for $721, and the two companies have appealed.

[1] The plaintiff based his suit upon an alleged verbal contract, while the defendants averred that the shipment was made under three written contracts, one made with each of the defendants, and the other with the Kansas City, Mexico & Orient Railway Company, which latter company transported the shipment from Sweetwater, on the line of the Texas & Pacific Railway, to Bronte, its final destination. The defendants also averred and proved that the contract with the International & Great Northern Railway Company contained a stipulation, requiring notice of injury to the property shipped within 91 days, and a similar contract with the Texas & Pacific, requiring such notice within 120 days; and the proof shows that appellee failed to comply with either of the stipulations referred to.

The trial court submitted the case to the jury under a charge which required a finding as to whether the shipment was made under a verbal contract; and the jury found in their verdict that it was so made. By their twenty-second assignment of error appellants assail that finding as being contrary to the law and the evidence and against the great weight and preponderance of the testimony; and a careful consideration of the testimony, as revealed by the statement of facts, leads us to conclude that appellants' contention in that respect is correct, and for that reason the judgment of the trial court will be reversed.

We do not regard this case as analogous to Railway Co. v. Looney, 51 Tex. Civ. App. 381, 115 S. W. 269, and other cases relied on by counsel for appellee. On the contrary, it is more like Turner et al., Receivers, v. Henderson, 183 S. W. 51, recently decided by this court.

The testimony of the witness Cumbie, relied upon by appellee to show that a verbal contract was made, does not, in our opinion, support that contention. Considering all of his testimony, that upon cross as well as direct examination, its substance was that, as agent for the plaintiff, he bought the cattle in question and attended to their shipment; that he made application to the agent of the International & Great Northern Railway at Troupe for cars to make the shipment, and the latter promised to furnish them; that he inquired as to the amount of freight charges, and the agent told him how much it would be; that he asked how much time would be consumed in shipping the cattle from Troupe to Bronte, and the agent told him about 48 hours, but did not guarantee the time; that he had had many years' experience in shipping live stock, and had always signed written contracts, and expected to sign such contract on the occasion in question; that thereafter he carried the cattle to Troupe, loaded them upon the cars, and after doing so, signed a written contract, which was introduced in evidence by appellants, and which contained a stipulation, requiring written notice concerning injuries to be given within 91 days. He also testified that he did not have time, after signing the contract and before the train left, to read it, and did not know that it contained the stipulation referred to. What occurred between the witness and the railroad agent when he made application for the cars failed to prove a verbal contract, as it constituted only the usual preliminary negotiations leading up to the execution of the written contract, which the witness expected to and did sign. Furthermore, the undisputed proof shows that appellee first brought suit in the county

court of Coke county against the appellants in this case, and also against the other carrier who handled the shipment, to recover damages on account of injuries to the shipment of live stock involved in this case, and also for injuries to a prior shipment, in which suit he alleged his total damages for both shipments at $507.80. It was also shown that, when the defendants in that case filed their answer, setting up as a defense appellee's failure to give notice of the injury to the cattle, as required by the written contracts of shipment, appellee did not contend that the shipments were made under verbal contracts, and not under those shown to have been in writing and duly signed, but, instead of doing so, he took a nonsuit and thereafter, at a much later date, brought this suit in a different county and for almost double the amount of his former claim. While not conclusive, the facts referred to tend to show that the alleged verbal contract was an afterthought, and also that he recovered more in this case than he would rightfully be entitled to if any liability had been shown.

[2] The other assignments of error are overruled, though we suggest that upon another trial the charge upon the question of waiver should be differently framed. Waiver is founded largely, if not entirely, upon the doctrine of estoppel, which, as applied to this case, would require a finding that the conduct of appellants, relied upon as a waiver, must have misled appellee and prevented him from giving the notice required by the contract.

For the reason stated, the judgment is reversed, and the cause remanded.

Reversed and remanded.